# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAUL WILLIAM PILGER,<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　Defendant(s). | 2:12-CV-1233 JCM (NJK) |

# ORDER

Presently before the court is defendant Bank of America's motion to dismiss. (Doc. # 13). Pro se plaintiff Paul William Pilger filed a response in opposition (doc. # 15), and defendant filed a reply (doc. # 16).

**I.    Background**

This lawsuit is a mortgage and foreclosure related lawsuit. On or about December 6, 2007, plaintiff, along with his mother Betty J. Pilger, purchased the subject property located at 10410 Badger Ravine Street, in Las Vegas. (*See* Doc. # 9, second amended compl. at ¶ 19). Plaintiff borrowed approximately $199,490.50 from defendant to purchase the property.[1] The note was

---

[1] The court judicially recognizes all of the following documents that were either properly recorded in the Clark County Recorder's Office or which were filed in the prior litigation in the Nevada state courts and therefore are public record: the deed of trust; the note; notice of default and election to sell; the mediator's statement from the mediation foreclosure program; the state court order in the prior suit; and, the Nevada Supreme Court order of affirmance. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

1  secured by a deed of trust against the property naming defendant as beneficiary.

2  Plaintiff began to default on his loans in November 2009, and defendant issued a notice of
3  default and election to sell under the deed of trust. Plaintiff then filed an election to mediation
4  pursuant to NRS 107.086 and foreclosure mediation Rule 5(4)(a).

5  The mediation was held on December 6, 2010. The mediation was attended by the mediator,
6  defendant's representatives, and plaintiff.[2] After reviewing plaintiff's financial obligations and
7  income, defendant found that given plaintiff's debts and expenses that he did not qualify for a loan
8  modification because he had a monthly deficit of $2,342. Defendant offered to stay foreclosure
9  proceedings for 90 days in an effort to allow plaintiff time to market the property for short sale.
10 Plaintiff declined, proposed a counteroffer that defendant rejected, and then plaintiff left the
11 mediation without signing anything.

12 Plaintiff filed a petition for judicial review in the Nevada state courts. The state court denied
13 the petition after a hearing and entered an order finding all of the following: (1) the mediator found
14 that plaintiff participated in bad faith by abruptly walking out of the mediation; (2) attempts were
15 made at the mediation initially to arrive at a loan modification but it was determined that plaintiff's
16 income was insufficient to enable a continuance of any practical loan status; and, (3) plaintiff
17 admitted the property was not his principal residence. The state court directed that absent a timely
18 appeal a letter of certification should issue allowing the foreclosure process to proceed.

19 Plaintiff then filed a notice of appeal with the Nevada Supreme Court. The Nevada Supreme
20 Court affirmed the lower court's decision.

21 Five months after the Nevada Supreme Court issued its affirmance, plaintiff filed the instant
22 action in this federal court. Plaintiff has alleged causes of action for Fifth and Fourteenth
23 Amendment violations and seeks two forms of relief–an injunction to prevent a foreclosure of the
24 subject property and that this court issue a writ of mandamus to the Nevada Supreme Court
25 compelling it to provide a forum and make certain findings.

---

[2] Co-borrower Betty Pilger did not attend the mediation. Plaintiff produced a handwritten "power of attorney" demonstrating his authority to proceed on behalf of Betty Pilger.

**James C. Mahan**
**U.S. District Judge**

- 2 -

**II.      Legal Standard**

The court finds that the *Rooker-Feldman* doctrine and claim preclusion analysis govern this dispute.

    *A.      Rooker-Feldman*

It is well-established that a federal district court does not have authority to review the final determination of a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of state court decisions can be secured only in the United States Supreme Court. *See Feldman*, 460 U.S. at 482; *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.").

A district court should consider the following two factors in the "now-familiar test":

> 1) "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for relief, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do."
>
> 2) "United States District Courts do no have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

    *B.      Claim Preclusion*

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations and quotations omitted). "A final judgment on the merits of an action precludes the parties or their privies form

1  relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc.*
2  *v. Moitie*, 453 U.S. 394, 398 (1981). "The doctrine of res judicata is meant to protect parties against
3  being harassed by repetitive actions." *Blanchard v. Fed. Nat'l Mortg. Ass'n*, no. 2:12-cv-2203-JCM-
4  PAL, 2013 WL 1867059, at *2 (D. Nev. May 2, 2013).

5  "It is now settled that a federal court must give to a state-court judgment the same preclusive
6  effect as would be given that judgment under the law of the State in which the judgment was
7  rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (discussing res
8  judicata and collateral estoppel under the Constitution's full faith and credit clause and the parallel
9  federal statute–28 U.S.C. § 1738).

10  The Nevada Supreme Court has established the following three-part test for determining
11  whether claim preclusion should apply: "(1) the parties or their privies are the same; (2) the final
12  judgment is valid; and (3) the subsequent action is based on the same claims or any part of them that
13  were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709,
14  713 (Nev. 2008); *see also Tahoe-Sierra*, 322 F.3d at 1077 (identifying the same three-part test).

15  **III.  Discussion**

16  This court finds it appropriate to dismiss the complaint under the Rooker-Feldman doctrine
17  and under claim preclusion principles.[3]

18  *A.  Rooker-Feldman*

19  Plaintiff's second amended complaint and response to the motion to dismiss state this court
20  should essentially conduct a determination independent and separate from the state court
21  proceedings. However, plaintiff's causes of action are either the same as the ones in the state court
22  proceedings or are based on alleged constitutional violations based on the state courts'
23  determinations in those proceedings. Such claims are clearly barred by the *Rooker-Feldman*
24  doctrine.

---

[3] The court finds it unnecessary to discuss defendant's arguments about *Burfurd* abstention and Rule 12(b)(6).

1         First, this case is "inextricably intertwined" with the state's court findings against the plaintiff in that action. In this case and the state case, plaintiff is attempting to prevent a foreclosure on his home. Any review of the federal claims asserted in this case (plaintiff's Fifth and Fourteenth Amendment claims) would require this court to review the specific issues addressed in the state court proceedings. This court would be acting as an appellate court to the state courts. This court is not an appellate court to the state courts.

         Second, plaintiff is alleging federal constitutional violations based on the proceedings and determinations made by the state courts. Such claims are clearly barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars a state court loser from coming to a federal forum and alleging the state court's findings or judgment violated his constitutional rights.

         Finally, this court agrees with the defendant's characterizations in its reply of the arguments made by plaintiff in his response to the motion to dismiss. Plaintiff argues that he only seeks to have his day in court. Plaintiff had his day in court in state courts, he lost, is unhappy with the results, and seeks a second day in court in this federal court. Rooker-Feldman bars such a scenario.

         *B.     Claim Preclusion*

         This court is obligated to give full faith and credit to state court judgments. There has already been a state court judgment between this plaintiff, this defendant, this piece of property, and their dealings together. Plaintiff may not relitigate his claims in this court.

         The three elements of claim preclusion are unmistakably present. First, plaintiff and defendant were both parties in the state court suit. Second, there was a final and valid judgment by the state courts. Third, the claims in this action were brought, or should have been brought, in the state court proceedings. This action is barred by claim preclusion.

         Accordingly,

         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. # 13) be, and the same hereby, is GRANTED.

         . . .

         . . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that the complaint is dismissed. The clerk of the court shall enter judgment and close the case.

DATED May 17, 2013.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -